UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Case No. 15-20010-1

Honorable Nancy G. Edmunds

v.

DEONTAE HOLMES,

        Defendant/Petitioner.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE [102]**

Before the Court is Petitioner Deontae Holmes' motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Dkt. no. 102, "Petitioner's Motion.") The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 2255, based on Petitioner's negotiated Rule 11 plea agreement in this Court on June 22, 2015. (Dkt. no. 36.) This Court is familiar with the previous proceedings, has reviewed the pleadings and supporting documentation, and Petitioner has suggested no evidence to support his motion. The motion, files and records of the case conclusively show that the Petitioner is entitled to no relief and the Court finds that an evidentiary hearing on this matter is not necessary. *See* 28 § U.S.C. 2255(b). The Court has reviewed these pleadings and denies Petitioner's motion with prejudice.

**I.    Background Facts and Procedural History**

Petitioner states in his reply that he "is in agreement with the governments (sic)

rendition of events from the December month." (Pet'r's Answer and Return 1, dkt. 113.) The

Government sets forth the following facts:

> Between December 20, 2014 and December 29, 2014 Deontae Holmes,
> together with Lemarc Peacock and Jeremy Lockett committed a series of
> armed robberies of Family Dollar and Dollar General stores in the city of
> Detroit. In all four of the robberies, Holmes, accompanied by one of his co-
> defendants, entered the store intending to commit an armed robbery. In each
> of the incidents, the defendants were armed with a handgun. The defendants
> entered each store, threatened the store employees with the gun and
> demanded money.

(United States' Resp. 2, dkt. 111.)

A grand jury indicted Petitioner on eight counts: Hobbs Act robbery (counts one,

three, five and seven) in violation of 18 U.S.C. § 1951, and use of a firearm during and in

relation to the robbery (counts two, four, six and eight) in violation of 18 U.S.C. § 924(c).

(Superceding Indictment, dkt. 23.)

On June 22, 2015, Petitioner pleaded guilty to six of the eight indicted counts,

pursuant to a Rule 11 plea agreement. (Plea Agreement, dkt. no. 36; Plea Hearing Tr. 6,

dkt. 67.) On January 21, 2016, the Court sentenced Petitioner to a total of 174 months: six-

month concurrent sentences on counts one, three, five and seven, and 84-month

consecutive sentences on counts six and eight. (Judgment, dkt. 100; Sentencing Hearing

Tr. 12-13, dkt. 123.) On June 21, 2016, Petitioner filed his motion to vacate sentence under

28 U.S.C. § 2255. (Pet'r's Mot., dkt. 102.)

## II.    Standard

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to

"move the court which imposed the sentence to vacate, set aside or correct the sentence"

when "the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## III.   Analysis

### A.   *Johnson* Does Not Apply

Petitioner moves to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2557. Petitioner was sentenced pursuant to section 924(c) and argues that "the residual clause of 924(c) is also unconstitutionally vague" pursuant to *Johnson's* reasoning. (Pet'r's Mot. to Vacate 17 of 21, dkt. 102.)

For purposes of 18 U.S.C. § 924(c), a "crime of violence" is defined as

[A]n offense that is a felony and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subpart A "is commonly referred to as the 'force' clause," and subpart B "is commonly referred to as the 'residual' clause." *United States v. Moore*, No. 15-20552, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016)

Petitioner's motion must fail where the offense, Hobb's Act robbery, is a crime of violence under the force clause of § 924(c), subpart A. Whether a crime is a "crime of violence" is determined by "looking to the statutory definition of the crime, rather than to the

evidence presented to prove it." *United States v. Taylor*, 176 F.3d 331, 337 (6th Cir. 1999).

Under the Hobbs Act, robbery is defined as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Multiple courts, including this one, have held that "Hobbs Act robbery qualifies as a crime of violence under the force clause of section 924(c)(3)(A), not the residual clause." *See e.g., Washington v. United States*, No. 11-20483, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016); *Byrd v. United States*, 1:16-cv-186, 2016 WL 4009884, at *2 (E.D. Tenn. July 25, 2016) (noting that even if *Johnson's* reasoning invalidated § 924(c)'s residual clause, Hobbs Act robbery would remain a crime of violence under the force clause of § 924(c)).

Even if subpart B, the residual clause, were relied upon to establish that Hobbs Act robbery is a crime of violence, the Sixth Circuit has already determined that *Johnson* does not affect section 924(c)(3)(B)'s definition of crime of violence. *See U.S. v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (recognizing that "[t]here are significant differences making the definition of "crime of violence" in § 924(c)(3)(B) narrower than the definition of "violent felony" in the ACCA residual clause"); *see also United States v. Taylor*, 176 F.3d 331, 337-38 (6th Cir. 1999) ("a conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence

4

within the meaning of section 924(c).") Petitioner's motion to vacate his sentence on the basis of *Johnson* is denied.

### B.    Ineffective Assistance of Counsel

The second basis for Petitioner's motion is the argument that he received ineffective assistance of counsel because "counsel failed to explain the true consequences of pleading guilty." (Def.'s Mot. To Vacate 5 of 21, dkt. 102.) Petitioner fails to make any further argument or allegations related to this issue.

 The Sixth Amendment right to counsel extends to criminal defendants during the plea  bargaining process. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The Court applies the familiar *Strickland* analysis for ineffective assistance of counsel to Petitioner's claim. *Strickland* requires a petitioner to show: (1) counsel's performance was deficient by falling "below an objective standard of reasonableness" and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984).

There is a strong presumption in favor of counsel's effectiveness. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (holding that counsel's performance be examined "from counsel's perspective at the time of the alleged error and in light of all the circumstances," a highly deferential standard) (internal citation omitted). The Supreme Court has advised that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges"; it could threaten the adversarial process that the Sixth Amendment right to counsel was designed to serve. *See Strickland*, 466 U.S. at 689-90.

5

The transcript of the plea hearing shows that Petitioner was questioned and responded as follows:

> THE COURT: You have your attorney, Mr. Evans, beside you in court. Have you discussed this matter with him?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Are you satisfied with his advice and with the legal services that he's performed on your behalf?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: You wrote a letter to me suggesting that there was (sic) some problems in communication between you and Mr. Evans. Have you been able to resolve those?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: You've talked to Mr. Evans as much as you wanted to about the charges against you in this case and how they might best be resolved?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you have the right to plead not guilty to every charge filed against you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that if you were to plead not guilty and go to trial that you would be protected by a number of rights set forth in the constitution of the United States?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: I'm going to go over those rights with you. . . . [Court continues with reading of rights].

(Hr'g Tr. 8-11, June 22, 2015, dkt. 67.)

The Court further went on to inform Petitioner of the mandatory sentences related to the Counts to which he was pleading:

6

THE COURT: [The assistant U.S. Attorney] went over the penalties for these charges when he read the pertinent parts of the indictment, but I'm going to ask if you're aware that under the robbery counts, that is, Counts 1, 3, 5 and 7, the maximum penalty is 20 years in prison.

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you aware that Count 6 requires a mandatory seven-year consecutive sentence after any sentence that I impose on the first four counts?

THE DEFENDANT: Yes, ma'am.

THE COURT: And that Count 8 requires 25 years consecutive to that?

THE DEFENDANT: Yes, ma'am.

(Hr'g Tr. 11-12, June 22, 2015.)

And later,

THE COURT: Have you fully discussed the charges with your attorney, . . .?

THE DEFENDANT: Yes, ma'am.

(Hr'g Tr. 13, June 22, 2015.)

Petitioner fails to identify how counsel's performance was deficient, or how he was prejudiced by such performance; Petitioner does not allow how his plea may have been different, if at all, with different information from his counsel. Given the testimony and Petitioner's motion, the Court has no basis on which to find that counsel's assistance was unreasonable. *See Strickland*, 466 U.S. at 688 ("In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."). The Supreme Court has held that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466

U.S. at 697. The Court may dismiss an ineffectiveness claim on failure to show prejudice alone, if that course is clearest. *Id.* The Supreme Court elaborated on *Strickland* for cases where a criminal defendant pleads guilty, holding that to show prejudice the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Short v. U.S.*, 471 F.3d 686, 692 (6th Cir. 2006). Petitioner fails to show that he has suffered prejudice as a result of counsel's performance.

## IV.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability must issue before an appeal may be taken to the court of appeals from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> [T]he petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner] or that the questions are "adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). For the reasons set forth above, the Court finds that Petitioner has not

made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## V.    Conclusion

For the reasons set forth herein, the Court DENIES WITH PREJUDICE Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and DENIES Petitioner a certificate of appealability.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager