UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEONTAE HOLMES,

    Defendant.

_____/

Case No. 15-cv-20010

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [150]**

Defendant Deontae Holmes is currently in the custody of the Federal Bureau of Prisons (FBOP) at FCI Beckley. (ECF no. 150.) Pending before the Court are Defendant's letters requesting compassionate release. (ECF nos. 149, 150.) The Court treats Defendant's request as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed in part in response to the COVID-19 pandemic. (ECF no. 150.) The government filed a response. (ECF nos. 159, 160 *sealed*.)

**I. Background**

In June 2015, Defendant pleaded guilty to four counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, and two counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Plea, ECF no. 36.) On January 21, 2016, the Court sentenced Defendant to a total of 174 months: Six-month concurrent sentences on counts one, three, five and seven, and 84-month consecutive sentences on counts six and eight. (Judgment, ECF no. 100; Sentencing Hearing Tr. 17, ECF no. 123.)

According to the FBOP his projected release date is June 18, 2027 via a Good Conduct Time Release. (ECF no. 150 at 7.)

## II. Analysis

Defendant files his motion for compassionate release against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population.[1] The Court treats Defendant's letter as a motion for compassionate release and resentencing under 18 U.S.C. § 3582(c)(1)(A). (Letter, ECF no. 150.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the

---

[1] At the time of this Order, the FBOP website shows no active cases of COVID-19 at FCI Beckley, in Beaver, West Virginia. *See* https://www.bop.gov/coronavirus/ (last visited August 19, 2020).

exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction. Defendant seeks compassionate release based upon the following circumstances: (1) his minor daughter is being cared for by an elderly woman with heart failure and Defendant is the only remaining person, aside from her, who can care for his daughter; (2) he has two 18 U.S.C. § 924(c) convictions on which his sentence was based and he has compelling circumstances related to these charges; (3) there was an alleged error at his plea hearing related to the robberies and he argues that he should have been sentenced to three counts of robbery instead of four because the fourth robbery was only an "attempt"; and (4) he has a history of mental health issues, alleging ADHD treatment as a child and diagnosis of bipolar disorder as a teenager and concluding that he should have received a downward departure at sentencing. (Def.'s Letter, ECF no. 149.) Defendant also alleges having earned his GED in prison, as well as certificates in several programs.

### A. Exhaustion of Administrative Remedies

In the early stages of the COVID-19 pandemic, some courts excused a defendant's failure to exhaust his administrative rights with the Bureau of Prisons prior to bringing a motion for compassionate release. Since then, however, the Sixth Circuit found that the administrative exhaustion requirement is mandatory and not subject to judge-made exceptions. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Despite being mandatory, the Sixth Circuit found that this requirement does not bear on the Court's jurisdiction. *See id.* at 833. Thus, as a non-jurisdictional claim processing rule, it "must be enforced" when "properly invoked" but can be forfeited or waived by the parties in a particular proceeding. *Id.* at 834 (internal quotation marks and citation omitted).

Defendant provided an April 9, 2020 letter from the Unit Manager at FCI Beckley denying Defendant's request for a Reduction in Sentencing. (Def's Letter, ECF no. 150.) The basis cited in his request for release was to care for his daughter, who is in the custody of an elderly individual with a heart condition and who has recently been admitted to the hospital for the same. He alleged that he was the only person who could legally care for his daughter and that the daughter and her custodian were currently in a coronavirus hotspot in Michigan.[2] The government argues that Defendant has not exhausted his administrative remedies– Defendant may not move for compassionate release on a different ground than that raised during the administrative process. (Gov't's Resp. 15, ECF no. 159); *compare United States v. Asmar*, No. 18-20668, 2020 WL 3163056, at *3 (E.D. Mich. June 5, 2020) (stating that "[w]here the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the courts") *with United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, *4 (S.D. Iowa Apr. 29, 2020) (finding issue exhaustion "inappropriate because § 3582 contains no such requirement and BOP compassionate release requests are not adversarial proceedings").

Defendant has complied with the mandatory exhaustion requirement as to only one of the bases of his request: the failing health of his daughter's elderly custodian. The other

---

[2] As a side note, the Court agrees with Defendant that the Warden's note that a pre-sentence report revealed two children from Defendant's prior relationship and that one of them is not Defendant's biological child is irrelevant to this analysis. Defendant seeks compassionate release, at least in part, to care for one daughter, which is not the one to which the Warden raises the issue. (ECF no. 150 at 8.)

issues are not related to this issue and have not been considered by the FBOP.

### B. There Are No Extraordinary And Compelling Reasons To Grant Defendant Compassionate Release

Defendant argues that his daughter's only custodian, apart from himself, is elderly and has heart failure for which she was recently hospitalized. The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." *See* U.S.S.G. § 1B1.13, commentary n.1. Family circumstances include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, commentary n.1. Even when considered under the "family circumstances" category, the government argues that the incapacitated caregiver must be a "family member." *See* Program Statement 5050.50, at 7-8. Defendant does not allege a familial relationship with the daughter's custodian.[3] In any event, this issue is not determinative.

As the Government points out, Defendant further failed to provide "verifiable documentation" or evidence to show that the custodian is incapacitated, any information to establish the status of the child, or to show housing arrangements upon release. *See generally United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied compassionate release motion where the defendant did not provide evidence from which

---

[3]The citation provided by the government is to a U.S. Department of Justice Program Statement, dated January 17, 2019, that provides procedures for the implementation of 18 U.S.C. § 3582. Yet neither § 1B1.13 nor its commentary notes provide such a limitation and the government has not shown that the Court is bound by implementation procedures directed to the Bureau of Prisons.

the court could "make an informed evaluation"). Defendant fails to show that this is an extraordinary and compelling reason, even when considered under the current circumstances, to grant compassionate release.

Defendant also argues that in 2016 he was sentenced on two counts of § 924(c), and in 2018 the First Step Act clarified that first time federal offenders cannot receive or be sentenced to more than one § 924(c) count. Defendant calls this a compelling circumstance because had he been sentenced to only one count of § 924(c), he alleged he would currently be residing in a halfway house. (ECF no. 150.) The First Step Act amended § 924(c) so that only a final "prior conviction" under § 924(c) triggers the mandatory minimum prison sentence of 25 years. Defendant was sentenced in 2016, before the First Step Act was enacted. *See United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020) ("[T]he text makes clear that the only defendants who can benefit from section 403 are those whose conduct predates December 21, 2018, but whose sentences had not yet been imposed (along with defendants whose conduct occurred after the First Step Act became law)."). Further, Defendant did not received a 25-year sentence on his second 924(c) offense; the Government had moved to set aside the mandatory 25-year consecutive sentence. (Sentencing Tr. 10, ECF no. 123.) Instead, he received 84 months on each 924(c) offense, to be served consecutively. (Judgment, ECF no. 100.) To the extent that some courts have granted compassionate release based on sentencing disparities, even where the amendment to § 924(c) was not made retroactive, the Court does not find this an extraordinary and compelling reason in this case. *See e.g., United States v. Maumau*, No. 2:08-cr-00758, 2020 WL 806121, *7 (D. Utah Feb. 18, 2020) ("[i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive

6

new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis").

Defendant argues that his mental health history is also a compelling circumstance. He alleges that at a very young age, he was diagnosed with ADHD, and was taking medication since approximately kindergarten. (ECF no. 150.) At age 15, he was a ward of the state, was re-diagnosed with ADHD, diagnosed with bipolar disorder, and was not receiving medication. He alleges that his mental illness has not been treated, he has still not received medication, and that at his sentencing he did not receive a downward departure for his mental illness. (ECF no. 150.) Medical records filed under seal by the government do not show ADHD or bipolar disorder among Defendant's health issues. (Gov't's Resp. Ex. 2, ECF no. 160 *sealed*.) Even if these were among Defendant's conditions, for a non-terminal medical condition to qualify as an "extraordinary and compelling reason" for compassionate release, Defendant must be suffering from "a serious physical or medical condition" or "a serious functional or cognitive impairment" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, commentary n. 1(a)(ii). Defendant has neither alleged nor shown a condition that meets this degree of seriousness, nor is there evidence that a condition causes Defendant to have trouble with providing self-care, even when considered in the context of the current pandemic. Defendant is not eligible for release on this basis, nor was it properly raised with the warden.

To the extent Defendant argues that he did not receive a downward departure at his sentencing, based on the alleged mental health issues, this argument is without merit.

7

Defendant received a below-guidelines sentence. (ECF no. 123, at 11, 12.) Again, this does not provide an "extraordinary and compelling reason" for release.

Defendant argues that the fourth robbery for which he was sentenced was only an attempt, and therefore is not a crime of violence and cannot serve as the basis for the second § 924(c) offense. The plea agreement accepted by Defendant states that, in relation to the robbery on or about December 29, 2014, Defendant "brandished a firearm and announced a robbery," the "cashier opened the cash register and backed away," and Defendant and his companions "took money and other store property and fled the location." (Plea Agreement 4, ECF no. 36.) This supports the fourth robbery conviction. Defendant's allegations and attempt to challenge the validity of his plea agreement do not constitute extraordinary and compelling reasons for compassionate release. Finally, § 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. *See* § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Moreover, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). These sentencing factors are "largely duplicative" of the factors found in § 3142(g), *see United States v. Rountree*, no. 1:12-CR-0308, 2020 WL 2610923, *10 (N.D.N.Y. May 18, 2020), and include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). The Court agrees with the Government that Defendant has failed to establish that consideration of the factors set forth in § 3553(a) weighs in favor granting the requested

relief. Resentencing Defendant and releasing him to home confinement, even if he had presented extraordinary and compelling circumstances justifying such relief, would not be consistent with § 1B1.13(2) or the § 3553(a) factors.

### III. CONCLUSION

Defendant's motion (ECF no. 150) is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 24, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager