UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEONTAE HOLMES,

    Defendant.

_____/

Case No. 15-20010

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION FOR SENTENCE REDUCTION [182]**

Defendant Deontae Holmes is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Beckley. The matter is before the Court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 182.) The government has not filed a response. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

In June 2015, Defendant pled guilty to four counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and two counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 36.) On January 21, 2016, the Court sentenced Defendant to be imprisoned for a term of 174 months. (ECF No. 100.) Defendant did not file a direct appeal but filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 later that year. (ECF No. 102.) The Court entered its judgment denying that motion and declining to issue a certificate of appealability in September 2017. (ECF Nos. 125, 126.) Defendant's appeal from that judgment was dismissed by the Sixth Circuit as untimely. (ECF No. 138.)

During the early stages of the COVID-19 pandemic, Defendant moved for compassionate release. (ECF Nos. 149, 150.) The Court denied that request, finding no extraordinary and compelling reasons that would warrant relief and further finding that the sentencing factors did not support a reduction in sentence. (ECF No. 168.) Defendant's appeal from that order was dismissed for want of prosecution. (ECF No. 177.)

Defendant later moved the Sixth Circuit for an order authorizing this Court to consider a second or successive motion to vacate, set aside, or correct his sentence under § 2255. (6th Cir. Case No. 21-1438.) The Sixth Circuit denied that request, finding Defendant had not presented any newly discovered evidence that would warrant authorization. (ECF No. 179.) Defendant now moves once again for a sentence reduction.

II.     **Analysis**

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring a motion for compassionate release on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). There are

currently no applicable policy statements for compassionate release motions brought directly by defendants. *See id.* at 519.

Here, Defendant has submitted proof of exhaustion. (ECF No. 182, PageID.928.) Thus, the Court will address Defendant's motion on the merits. Defendant argues that his fourth robbery was only an attempt and thus he was "charged and sentenced to the wrong crime." (*See id.*) But this argument constitutes an attack on the validity of an underlying conviction. This Court previously found a similar argument made by Defendant not to constitute an extraordinary and compelling reason for compassionate release. (*See* ECF No. 168, PageID.846.) And the Sixth Circuit recently stated that a defendant "cannot avoid [the statutory] restrictions on post-conviction relief by resorting to a request for compassionate release instead." *United States v. McCall*, 56 F.4th 1048, 1057 (6th Cir. 2022) (internal quotations and citation omitted); *see also United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021) ("facts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence"). In fact, Defendant sought authorization from the Sixth Circuit to file a second or successive motion for post-conviction relief under § 2255 to raise this exact claim but that request was denied. (*See* 6th Cir. Case No. 21-1438, Doc. 1, Page 10.) And while the Court commends Defendant on his efforts towards rehabilitation, this alone cannot serve as the basis for a compassionate release motion. *See* 28 U.S.C. § 994(t). Thus, Defendant has not shown extraordinary and compelling reasons that would warrant a sentence reduction. In light of this conclusion, the Court need not reconsider the § 3553(a) factors. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III.     Conclusion

For the foregoing reasons, Defendant's motion for a sentence reduction is DENIED.

SO ORDERED.

>    s/Nancy G. Edmunds
>    Nancy G. Edmunds
>    United States District Judge

Dated: February 13, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2023, by electronic and/or ordinary mail.

>    s/Lisa Bartlett
>    Case Manager